■ PATSY VACCA et al., Appellants, v PATRICK VALERINO et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed with costs. Memorandum: Plaintiffs moved for an order holding defendants in contempt of the order of Justice Inglehart, which required defendants to build a retaining wall. The matter came before Justice Mordue, who denied the motion on the ground that the order, which embodied a stipulation of the parties, contained a provision for liquidated damages in the event the agreement to build the retaining wall was not performed.

Plaintiffs argue first that Justice Mordue erred in not referring the contempt motion to Justice Inglehart. We disagree. CPLR 2221 (a) does not require that a motion to enforce an order be referred to the Judge who granted the order. That section refers only to motions "for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order", and not to motions to *enforce* an order.

Further, there is no showing that the Individual Assignment System rules required the referral of this motion to Justice Inglehart. The rules provide for the assignment of cases to a particular Judge and permit the transfer of any matter from one Judge to another *(see,* 22 NYCRR 202.3 [b], [c] [4], [5]). There is no showing in the record on appeal that the case was not properly assigned to Justice Mordue.

We also reject plaintiffs' contentions that Justice Mordue had no power to interpret the order of Justice Inglehart and that the interpretation was erroneous. The order of Justice Inglehart incorporated almost verbatim the stipulation of the parties. Because Justice Mordue had the authority to enforce the order of Justice Inglehart, he also had the authority to interpret the language of the order. Moreover, the language is

unambiguous on its face and we agree with the interpretation given to it by Justice Mordue. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—contempt of court.) Present—Doerr, J. P., Boomer, Green, Lawton and Lowery, JJ.